## RECTOR v. HILL.

Opinion delivered March 10, 1930.

*Sam E. Leslie,* for appellants.

*Feazel & Steel,* for appellees.

HUMPHREYS, J. Appellees purchased lots 13, 14, 15, 16 and 17, in block 5, of the incorporated town of Nashville, Arkansas, for $5,000, from W. A. Beauchamp, executor of the last will and testament of J. N. Rector, deceased, under authority conferred by the testator upon his executor in the second paragraph of the will, which is as follows:

"And I hereby desire that, without the necessity of legal action or sanction, my executor be authorized and

empowered to make, execute and complete any and all transfers and deeds of conveyance necessary to fully and effectually control, manage and dispose of or sell or alienate any or all of my real or personal estate, if such should be necessary in the discharge of his duties.''

The executor was also made a party defendant, and filed a separate answer expressing a willingness to have the will construed, but agreeing with appellees that the will conferred full power upon him to sell and convey the real estate.

Appellants filed separate answers expressing a willingness to have the will construed, but joined issue with appellees and the executor as to his authority to sell and convey said real estate.

The cause was submitted to the court upon the pleadings and testimony adduced by the parties, which resulted in a decree that it was within the authority of the executor to sell and convey the land to appellees and quieting their title thereto against appellees, from which is this appeal.

Appellant contends that paragraph three of the will bequeathing one-half of all the testator's property to his child, Mary Ellen Rector, and vesting same in her absolutely when she should become twenty-one years of age, and bequeathing his wife, Della Lambert Rector, one-half of all his property, during her natural life, or as long as she remained his widow, and directing that at her death all the property so bequeathed should be given to his child, Mary Ellen Rector, and further providing that in the event of the marriage of his wife she should be given absolutely one-third of the personal property at such time belonging to his estate, and that the real property at such time belonging to his estate should vest in his child, Mary Ellen Rector, is in conflict with the power and authority conferred in paragraph two upon said executor to sell and convey the real property belonging to said estate. The argument is made that paragraph three, devising the property as therein set out to his child and wife, is the last expression of the will and, in

view of the conflict between the two paragraphs, must prevail.

The testator was engaged in the drug business and, incidental thereto, quite extensively in the real estate business. His executor had been in his employment for about thirty years, assisting him in his business, and, owing to his illness the last fifteen years, had been his chief adviser and manager of his business. In opening the second paragraph of the will, the testator expressed a desire that the property should be kept intact as far as possible and that the executor should continue the business just as he had done as long as he could possibly do so, handling the income just as he would have done, and then providing that he might sell or alienate any or all of the property of the estate if it should be necessary in the discharge of his duties. It is apparent that the intention of the testator was to confer a large discretion upon his executor who had been with him for many years, and the language used clearly meant that he might sell or alienate any or all of the property of the estate if in his judgment he deemed it necessary to do so. The correctness of this construction of the second paragraph is emphasized by the fact that it is provided in the third paragraph that, in the event of the marriage of his wife, she should be given absolutely one-third of all personal property at such time (meaning the date of the marriage) belonging to his estate; and to his daughter, Mary Ellen Rector, all the real property belonging to the estate at such time. The second paragraph, thus construed, in no way conflicts with the third paragraph bequeathing the property of his estate to his wife and daughter. By reading both paragraphs together, it is apparent that the intention of the testator was to place all his property in a trust to be managed with broad discretionary powers by his executor, and that his devisees should take what was bequeathed to each at the expiration of the trust. It is unnecessary to a decision of the point involved in this case to determine when the trust will expire. We think

during the execution of the trust full and complete authority was given to the executor of the testator to sell and convey any property belonging to the estate if, in his judgment, he deemed it to the interest of the estate to do so. This was the construction placed upon the will by the trial court, and the decree is therefore affirmed.